**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALT FAMULAR, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>       Defendant. | Case No. 7:16-cv-00944 (VB)<br><br>**DEFENDANT WHIRLPOOL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO CLASS CERTIFICATION** |

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 2

I.      THE NEW JERSEY ACTION ................................................................................. 2

II.     THE NEW YORK ACTION .................................................................................... 4

III.    THE COURT'S JANUARY 19, 2017 ORDER ....................................................... 4

IV.     THE U.S. SUPREME COURT ANNOUNCES *RESH* ......................................... 6

LEGAL STANDARD........................................................................................................... 6

ARGUMENT ....................................................................................................................... 7

I.      THE COURT SHOULD RECONSIDER ITS PRIOR ORDER AND DISMISS
        PLAINTIFF FAMULAR'S CLAIMS AS TIME-BARRED ................................... 7

        A.      *Resh* Is an Intervening Change in the Law .................................................. 7

        B.      Plaintiff Famular's Claims Are Time-Barred ................................................ 13

                1.      Plaintiff Famular's express-warranty claim is time-barred ................ 14

                2.      Plaintiff Famular's unjust enrichment claim is time-barred .............. 14

                3.      Plaintiff Famular's statutory claims are time-barred ........................ 15

II.     ALTERNATIVELY, THE COURT SHOULD DENY PLAINTIFF'S MOTION
        FOR CLASS CERTIFICATION IN LIGHT OF *RESH* ...................................... 15

CONCLUSION.................................................................................................................... 15

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Am. Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) ................................................................................................ 6, 8, 10

*Basso v. New York Univ.*,
No. 16-CV-7295 (VM),
2017 WL 1019505 (S.D.N.Y. Feb. 24, 2017) ................................................................ 15

*Bray Terminals, Inc. v. Transp. Oil Co.*,
580 N.Y.S.2d 498 (N.Y. App. Div. 1992) ...................................................................... 14

*Chavez v. Occidental Chem. Corp.*,
300 F. Supp. 3d 517 (S.D.N.Y. 2018) .............................................................................. 5

*China Agritech, Inc. v. Resh*,
No. 17-432 (U.S. June 11, 2018) ............................................................................ *passim*

*Clinton v. Brown & Williamson Holdings, Inc.*,
652 F. Supp. 2d 528 (S.D.N.Y. 2009) .............................................................................. 7

*Crown, Cork & Seal Co., Inc. v. Parker*,
462 U.S. 345 (1983) ..................................................................................................... 8, 10

*Filler v. Hanvit Bank*,
No. 01-CV-9510(MGC),
2003 WL 21729978 (S.D.N.Y. July 23, 2003) ................................................................ 7

*Gaidon v. Guardian Life Ins. Co. of Am.*,
750 N.E. 2d 1078 (N.Y. 2001) ....................................................................................... 15

*Glob. Network Commc'ns, Inc. v. City of N.Y.*,
458 F.3d 150 (2d Cir. 2006) ............................................................................................. 3

*Griffin v. Singletary*,
17 F.3d 356 (11th Cir. 1994) ....................................................................................... 9, 12

*Grynberg v. Eni S.P.A.*,
No. 06 Civ 6495(RLC),
2007 WL 2584727 (S.D.N.Y. Sept. 5, 2007) ................................................................ 14

*Ingrami v. Rovner*,
847 N.Y.S.2d 132 (N.Y. App. Div. 2007) ..................................................................... 14

*Kermanshah v. Kermanshah*,
580 F. Supp. 2d 247 (S.D.N.Y. 2008) ............................................................................ 14

## TABLE OF AUTHORITIES (cont.)

Page

*Korwek v. Hunt,*
827 F.2d 874 (2d Cir. 1987)......................................................................... 5, 11, 12, 13

*Occidental Chem. Corp. v. Chavez,*
No. 18-1120 (2d Cir. Apr. 18, 2018) .................................................................. 5

*Parejas v. Gen. Elec. Capital Servs., Inc.,*
No. 10-CV-3348 (DLI),
2011 WL 2635778 (E.D.N.Y. July 5, 2011) ...................................................... 15

*Richman v. W.L. Gore & Assocs., Inc.,*
988 F. Supp. 753 (S.D.N.Y. 1997).................................................................. 6-7

*Salazar-Calderon v. Presidio Valley Farmers Ass'n,*
765 F.2d 1334 (5th Cir. 1985) ........................................................................ 8

*Vill. of Scarsdale v. N.Y. City Water Bd.,*
824 N.Y.S.2d 325 (N.Y. App. Div. 2006) ........................................................ 14

*Yang v. Odom,*
392 F.3d 97 (3d Cir. 2004)......................................................................... 12, 13

## Statutes, Rules, and Regulations

Fed. R. Civ. P. 23 ............................................................................................. 9

Fed. R. Civ. P. 54(b) ........................................................................................ 6

N.Y. C.P.L.R. § 214(2) .................................................................................... 15

N.Y. U.C.C. Law § 2-725(2) ............................................................................ 14

S.D.N.Y. L.R. 6.3.............................................................................................. 7

## INTRODUCTION

On June 11, 2018, the U.S. Supreme Court decided *China Agritech, Inc. v. Resh*, which held that *American Pipe* tolling of *individual* putative class member claims during the pendency of a class action "does not permit the maintenance of a follow-on *class action* past expiration of the statute of limitations." No. 17-432, slip op. at 2 (U.S. June 11, 2018) (emphasis added).[1] As the Court explained, "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 6. *Resh* thus announced what Justice Sotomayor, in her concurring opinion, called a "blanket no-tolling-of-class-claims-ever rule." Slip op. at 5 (Sotomayor, J. concurring).

In light of *Resh*, Whirlpool seeks reconsideration of this Court's January 19, 2017 order denying in part Whirlpool's motion to dismiss Plaintiff Famular's claims as time-barred. In that motion to dismiss, Whirlpool argued that Plaintiff Famular's claims were time-barred because *American Pipe* does not toll the statute of limitations for successive class claims filed outside the limitations period, and, without the benefit of such tolling, Plaintiff Famular's putative class claims were filed too late. This Court rejected that argument. It reasoned that *American Pipe* tolling applies when the plaintiffs "voluntarily narrowed their class before certification," and that a contrary rule denying tolling would undermine the class action policy of avoiding needless duplication of lawsuits and lead to protective class filings.

*Resh* expressly rejected both of these policy grounds for extending *American Pipe* tolling to successive class action filings. First, the *Resh* Court made clear that its "blanket no-tolling-of-class-claims-ever rule" applies regardless of why class certification was denied, slip op. at 11

---

[1] The *Resh* slip opinion is attached as Exhibit 1 to the Declaration of Eric Robertson.

n.5, or even whether a class certification decision was made at all, *id.* at 6. The Court's holding is

as broad as it is simple, "allowing no tolling for out-of-time class actions":

> The contrary rule, allowing no tolling for out-of-time class actions, will propel
> putative class representatives to file suit well within the limitation period and seek
> certification promptly. For all the above-stated reasons*, it is the rule we adopt
> today: Time to file a class action falls outside the bounds of American Pipe.*

*Id.* at 15 (emphasis added). Second, the *Resh* Court found "little reason to think that protective

class filings will substantially increase." *Id.* at 12. Instead, "the plaintiff who seeks to preserve

the ability to lead the class," like Plaintiff Famular, "has every reason to file a class action early,

and little reason to wait in the wings, giving another plaintiff first shot at representation." *Id.*

at 14.

Accordingly, Whirlpool respectfully requests that this Court reconsider its January 19,

2017 order in light of *Resh* and dismiss Plaintiff Famular's claims as time-barred and with

prejudice. In the alternative, Whirlpool submits *Resh* as supplemental authority in further support

of its opposition to class certification. Because Plaintiff Famular's class claims are time-barred,

the Court should not certify them.

## BACKGROUND

### I.    THE NEW JERSEY ACTION

In 2012, the same lawyers who filed this class action filed a virtually identical class

action in the District Court for the District of New Jersey, *Dzielak et al. v. Whirlpool Corp. et al.*,

No. 2:12-cv-0089 (KM) (JBC) (the "New Jersey Action"). Plaintiffs in the New Jersey Action

alleged that Whirlpool misrepresented the energy efficiency of certain Maytag Centennial

clothes washers (the "Washers") by labeling them with the Energy Star logo when they were not

Energy Star-certified. (*See* Second Am. Consolidated Compl. and Demand for Jury Trial ¶ 1,

2

ECF No. 86.)[2] They brought several claims—including for breach of warranty and under the consumer protection statutes of several states—on behalf of a nationwide class. (*Id.* ¶¶ 122, 136-261.)

More than four years after filing their complaint, the plaintiffs in the New Jersey Action moved for class certification. (Mem. of Law in Supp. of Pls.' Mot. for Class Certification, ECF No. 169.) But instead of seeking certification of the nationwide class originally pled, they abandoned the nationwide class claims "to avoid choice of law issues," sought certification of seven state subclasses, and jettisoned the other 43 states, including New York. (*Id.* at 4.)

Three days later, on February 8, 2016, those same lawyers filed this case, *Famular v. Whirlpool Corp. et al.*, No. 7:16-cv-00944 (VB), in the District Court for the Southern District of New York (the "New York Action"), with Mr. Famular—a former putative class member in the New Jersey Action—as named plaintiff. Given that timing, it is clear that Mr. Famular was in contact with class counsel long before the decision was made to excise him from that suit so he could file this one.[3] In other words, rather than seek to timely add Mr. Famular to the New Jersey Action before the statute of limitations expired, Mr. Famular and his lawyers instead opted to do nothing for more than four years, long after the applicable limitations periods expired on his class claims, before initiating this copycat putative class action in New York.

---

[2] The Court may take judicial notice of pleadings filed in other cases. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006).

[3] Indeed, discovery has since established that Mr. Famular first contacted putative class counsel, Bursor & Fisher, P.A., approximately one year after he purchased his clothes washer in September 2010, and that he signed an engagement letter with them within a "several month period" of that initial contact. (Dep. of Walter Famular 62:21-63:8, 68:19-69:12, Aug. 11, 2017, attached as Exhibit 2 to the Decl. of Eric Robertson.) Thus, Mr. Famular was in contact with and had likely engaged Bursor & Fisher, P.A. before they filed the New Jersey Action in 2012, and over ***four years before*** the New York Action was filed in February 2016.

II.     THE NEW YORK ACTION

In the New York Action, Plaintiff Famular raised the same factual allegations at issue in the New Jersey Action, and he brought the same basic claims for breach of warranty and under New York's consumer protection statutes. (*See* Class Action Compl. ¶¶ 1, 106-36, ECF No. 1.) In fact, his complaint was largely identical to the complaint in the New Jersey Action, but with a notable exception: Plaintiff alleged that his claims were timely under *American Pipe*'s equitable tolling doctrine. (*See id.* ¶¶ 95-98.)

Specifically, Plaintiff Famular alleged that, because he was a putative class member in the New Jersey Action, his claims had been tolled "since at least January 5, 2012," the date his lawyers had filed the New Jersey Action. (*Id.* ¶¶ 95-96.) He alleged that, on February 5, 2016, the plaintiffs in the New Jersey Action moved for class certification of seven state subclasses "to avoid choice of law issues," meaning that his claims, "and the claims of purchasers of the [Washers] residing in the other 43 states, are no longer being asserted in" the New Jersey Action. (*Id.* ¶¶ 97-98.) Plaintiff later amended his complaint to add eight more named plaintiffs from eight states. (*See* First Am. Class Action Compl. ("Am. Compl.") ¶¶ 9-16, 85-92, ECF No. 5.)

Whirlpool (and the now-dismissed retailer defendants) moved to dismiss Plaintiffs' amended complaint for several reasons, including statute-of-limitations grounds. Among other things, Whirlpool argued that *American Pipe* does not toll the statute of limitations for putative class members bringing successive class claims, rendering Plaintiffs' claims time-barred.

III.    THE COURT'S JANUARY 19, 2017 ORDER

The Court, on January 19, 2017, largely granted Whirlpool and the retailer defendants' motions to dismiss, concluding that it lacked personal jurisdiction over all defendants for all claims arising outside New York, leaving only Plaintiff Famular's claims against Whirlpool. (Op. & Order at 13-14, 21, ECF No. 45.) But the Court rejected Whirlpool's arguments that his

4

claims were time-barred, including its argument that *American Pipe* does not toll successive class claims. (*Id.* at 18-19.)

Specifically, the Court distinguished the "only binding case," *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987), as inapposite because the *Korwek* court did not consider "a situation in which plaintiffs withdrew themselves from the class prior to certification." (Op. & Order 18, ECF No. 45.) The Court reasoned that because the plaintiffs from the New Jersey Action "voluntarily narrowed their class before certification," there was no concern that Plaintiff Famular's lawsuit was "merely an attempt to reargue the prior class certification motion." (*Id.*) The Court further reasoned that denying tolling would undermine the class action policy of avoiding duplicative litigation by leading to protective filings. (*Id.* at 18-19.)

Whirlpool then asked the Court to amend and certify its January 19, 2017 order under section 1292(b) so that Whirlpool could petition the Second Circuit for permission to appeal two issues: (1) whether New York would recognize cross-jurisdictional tolling; and (2) whether *American Pipe* tolls the statute of limitations for putative class members who bring successive class claims. In a bench ruling on June 6, 2017, the district court granted Whirlpool's motion to certify, finding section 1292(b)'s three statutory criteria satisfied.

The district court entered its Amended Opinion and Order on June 7, 2017, which included the section 1292(b) certification. (Am. Op. & Order, ECF No. 67.) Whirlpool filed its petition for permission to appeal on June 16, 2017, and in a summary order the Second Circuit denied Whirlpool's petition on October 10, 2017.[4]

---

[4] Although Whirlpool's petition was denied, the issue of whether New York would recognize cross-jurisdictional tolling is currently pending on an interlocutory appeal to the Second Circuit in another case. *Occidental Chem. Corp. v. Chavez*, No. 18-1120 (2d Cir. Apr. 18, 2018), ECF No. 1-2. In its decision to certify its order for interlocutory review, the district court distinguished the Second Circuit's order denying interlocutory review in *Famular* because *Famular* "involved several confounding issues not present here, including questions of personal jurisdiction and New York contract law," whereas *Chavez* "appears to present the tolling issue in unalloyed form." *Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 539 n.10 (S.D.N.Y. 2018). If the Second Circuit concludes

Following the Second Circuit's denial, Plaintiff moved for class certification of a New York-only class on April 12, 2018.[5] (ECF Nos. 89, 94.)

## IV.    THE U.S. SUPREME COURT ANNOUNCES *RESH*

On June 11, 2018, the U.S. Supreme Court announced *China Agritech, Inc. v. Resh*, which holds that *American Pipe* "does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." Slip op. at 2. More specifically, "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.* at 6. The Court's rationale is not limited to situations where the second class action was filed after an order denying certification, but applies with equal force to a situation, like here, where a putative class representative has elected not to timely pursue class claims that were available. This is so because the "'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S., at 553, do not support maintenance of untimely successive class actions; any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification." Slip op. at 6.

A day after *Resh* was announced, Whirlpool alerted the Court to the decision and of Whirlpool's intention to file a motion addressing *Resh*'s dispositive effect on this case by June 22, 2018. (*See* ECF No. 112.) This motion followed.

## LEGAL STANDARD

The Court, in accordance with Rule 54(b) and its inherent authority, may reconsider a prior decision at any time before entry of final judgment. *Richman v. W.L. Gore & Assocs., Inc.*,

---

that New York would not recognize cross-jurisdictional tolling, then Plaintiff Famular's claims would be time-barred for an additional reason.

[5] In accordance with the Court's scheduling order, the parties "bundled" all class certification and *Daubert* briefing and filed it that same day, April 12, 2018. (*See* ECF No. 82.)

988 F. Supp. 753, 755 (S.D.N.Y. 1997). Generally, Local Rule 6.3 requires a party to move for reconsideration within fourteen days of the Court's order, but justice requires that courts exercise their discretion to hear motions for reconsideration filed outside that time limit when there has been an intervening change in controlling law, such as a relevant U.S. Supreme Court decision. *See Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009); *Filler v. Hanvit Bank*, No. 01-CV-9510(MGC), 2003 WL 21729978, at *1 (S.D.N.Y. July 23, 2003) (vacating prior orders where recent Supreme Court decision altered outcome); *Richman*, 988 F. Supp. at 755, 759 (modifying prior opinion where Supreme Court decision constituted intervening change in controlling law). Whirlpool filed its motion for reconsideration within 11 days of the issuance of the relevant U.S. Supreme Court decision, *Resh*.

## ARGUMENT

### I.   THE COURT SHOULD RECONSIDER ITS PRIOR ORDER AND DISMISS PLAINTIFF FAMULAR'S CLAIMS AS TIME-BARRED

#### A.   *Resh* Is an Intervening Change in the Law

In *Resh*, the U.S. Supreme Court addressed the following question: "Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?" Slip op. at 2. In response, the Court announced a broad, bright-line rule that "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *Id.* This rule applies regardless of why class certification was denied, *id.* at 11 n.5, or even whether a class certification decision was made at all, *id.* at 6.

Rather, what matters under *Resh* is whether a putative class member is bringing individual claims or class claims outside the limitations period. If the putative class member is

bringing individual claims, then *American Pipe* tolls that putative class member's individual claims for the pendency of the putative class action. *Id.* at 6. But if the putative class member is bringing class claims, then *American Pipe* (and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983)) do not "extend[] to otherwise time-barred class claims," as "[n]either decision so much as hints that tolling extends to otherwise time-barred class claims." Slip op. at 6. Stated simply, *American Pipe* tolling applies only to individual claims, and it does not apply to putative class claims. If putative class claims are not brought within the applicable limitations period, they are time-barred.

Accordingly, the *Resh* Court held that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action." *Id.*; *see also Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any."). Rather, "any additional *class* filings should be made early on, soon after the commencement of the first action seeking class certification." Slip op. at 6. The Court gave three justifications for its broad holding.

First, the Court reasoned that "[t]he 'efficiency and economy of litigation' that support tolling of individual claims, *American Pipe*, 414 U.S., at 553, do not support maintenance of untimely successive class actions." *Id.* Specifically, the Court found that "*American Pipe* tolls the limitation period for individual claims because economy of litigation favors delaying those claims until after a class-certification denial." *Id.* But "[w]ith class claims, on the other hand, efficiency favors early assertion of competing class representative claims." *Id.* at 7. This rule is meant to "[e]ncourag[e] early class filings," which "will help ensure sufficient time remains

8

under the statute of limitations, in the event that certification is denied for one of the actions or a portion of the class." *Id.* at 7 n.2. If class discovery reveals "weaknesses in the class theory or adequacy of representation come to light," then the class complaint can be amended "or a new plaintiff might intervene." *Id.* This means that putative class members should *not* wait for a class certification decision before bringing "competing class representative claims," which renders the reason for a class-certification denial, and indeed whether the class certification decision was made at all, necessarily irrelevant to the analysis. *See id.*; *see also Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (adopting a blanket rule against piggybacked class actions, reasoning that "the class action issues are still being litigated, and we decline to adopt any rule that has the potential for prolonging litigation about class representation even further").

This case illustrates that principle. Here, the plaintiffs in the New Jersey Action did *nothing* about the weaknesses in their class theory until they moved for class certification more than *four years* after filing their complaint. Only then did they seek to "avoid choice of law issues" by seeking certification of seven state subclasses and jettisoning the other 43 states, including New York. And during that entire period of inaction, Mr. Famular was represented by class counsel in the New Jersey Action. As the Supreme Court explained, however, litigants should identify such "weaknesses in the class theory" early on so as to "help ensure sufficient time remains under the statute of limitations." Slip op. at 7 n.2. Because the plaintiffs from the New Jersey Action failed to do that, Plaintiff Famular filed outside the limitations period, rendering his class claims time-barred because *American Pipe* tolling never applied to them.

The *Resh* Court grounded its first justification in Rule 23: "Rule 23 evinces a preference for preclusion of untimely successive class actions by instructing that class certification should be resolved early on." *Id.* It reasoned that Rule 23's "recommended timing target" of "an early

practicable time" was made to "allow greater leeway, more time for class discovery, and additional time" to ensure obtaining the best representation for the class. *Id.* at 7-8. This way, courts can consider "multiple class representative filings" at the outset of the case, which will help encourage resolving class certification early on. *Id.* at 7-8. Nothing in *Resh* prohibits such filings altogether; it simply precludes them when brought outside the statute of limitations, as here. *See id.*

Second, the Court reasoned that, "to benefit from equitable tolling, plaintiffs must demonstrate that they have been diligent in pursuit of their claims." *Id.* at 9. The *Resh* Court noted that tolling was permissible in *American Pipe* "because plaintiffs who later intervened to pursue individual claims had not slept on their rights." *Id.* (citing *American Pipe*, 414 U.S. at 554-55). Rather, they had "reasonably relied on the class representative, who sued timely, to protect their interests in their *individual claims*." *Id.* (citing *Crown, Cork*, 462 U.S. at 350 (emphasis added)). But "[a] would-be class representative who commences suit after expiration of the limitations period"—such as Plaintiff Famular—"can hardly qualify as diligent in asserting claims and pursuing relief." *Id.* That would-be class representative's "interest in representing the class as lead plaintiff . . . would not be preserved by the prior plaintiff's timely filed suit." *Id.* at 10. Plaintiff Famular's lack of diligence here is a paradigmatic example of the Court's concerns; he took no role in the New Jersey Action during the more than four years when he was represented by class counsel in that case, passively waiting in the wings while the statute of limitations on his class claims expired.

Third, a different rule "would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation." *Id.* at 10. The Court reasoned that "[t]his prospect points up a further

distinction between the individual-claim tolling established by *American Pipe* and tolling for successive class actions." *Id.* Whereas "[t]he time to file individual actions once a class action ends is finite, extended only by the time the class suit was pending," "the time for filing successive class suits, if tolling were allowed, could be limitless." *Id.* And "[e]ndless tolling of a statute of limitations is not a result envisioned by *American Pipe*." *Id.* at 11.

In this way, the Court explicitly rejected the policy justification supporting this Court's January 19, 2017 order distinguishing *Korwek*, finding "little reason to think that protective class filings will substantially increase." *Id.* at 12. Instead, "the plaintiff who seeks to preserve the ability to lead a class," like Plaintiff Famular here, "has every reason to file a class action early, and little reason to wait in the wings, giving another plaintiff first shot at representation." *Id.* at 14.

The *Resh* Court's holding is as broad as it is simple: *American Pipe* does not equitably toll class claims, and so it cannot salvage class claims filed outside the limitations period. The Court's holding does not turn on a prior denial of class certification or, as here, "a situation in which plaintiffs withdrew themselves from the class prior to certification." Rather, the Court's analysis rests on the "watchwords of *American Pipe*," efficiency and economy of litigation, and "[e]xtending *American Pipe* tolling to successive class actions does not serve that purpose." *Id.* at 15. Instead, the Court adopted a "blanket no-tolling-of-class-claims-ever rule" that allows "*no tolling for out-of-time class actions*":

> The contrary rule, allowing no tolling for out-of-time class actions, will propel putative class representatives to file suit well within the limitation period and seek certification promptly. For all the above-stated reasons, ***it is the rule we adopt today: Time to file a class action falls outside the bounds of American Pipe***.

*Id.* (emphasis added); *see also* slip op. at 5 (Sotomayor, J., concurring).[6]

*Resh*'s "blanket no-tolling-of-class-claims-ever rule" is an intervening change in the law that requires the Court to reconsider its January 19, 2017 order and dismiss Plaintiff Famular's claims as time-barred. *Resh*'s holding necessarily means that Plaintiff Famular's successive class claims are not tolled under *American Pipe*. The fact that the plaintiffs from the New Jersey Action "voluntarily narrowed their class before certification" is immaterial. All that matters is that Plaintiff Famular is bringing successive class claims, which means they are not tolled under *American Pipe* because such tolling undermines the efficiency and economy of litigation, because putative class members bringing out-of-time successive class claims have not been diligent, and because a contrary rule would permit endless tolling of a statute of limitations. In this way, *Resh* compels the conclusion that this Court's decision permitting *American Pipe* tolling is incorrect, which requires reconsideration and reversal.

And even if *Resh* were somehow more limited than its plain language, its logic, or Justice Sotomayor's concurrence suggest, *Resh* still requires this Court to reconsider its January 19, 2017 order for two reasons. First, the *Resh* Court interpreted *Korwek* to deny *American Pipe* tolling to all out-of-time putative class claims, suggesting that this Court misinterpreted that authority. *Compare* slip op. at 13 (noting that the Second and Fifth Circuits "declined to entertain out-of-time class actions in the 1980's"), *with* Op. & Order 18, ECF No. 45); *cf. Yang*, 392 F.3d at 105-06 (noting that the Eleventh Circuit, in *Griffin*, "reads *Korwek* broadly to deny tolling" to

---

[6] *Accord Griffin*, 17 F.3d at 359 ("This case illustrates the wisdom of the rule against piggybacked class actions. Fifteen years after the *Griffin* lawsuit was filed, *the class action issues are still being litigated, and we decline to adopt any rule that has the potential for prolonging litigation about class representation even further.*" (emphasis added)); *cf. Yang v. Odom*, 392 F.3d 97, 106 (3d Cir. 2004), *abrogated by China Agritech, Inc. v. Resh*, No. 17-432, slip op. at 11 n.5 (U.S. June 11, 2018) (noting that *Griffin*'s rule calls for the "denial of tolling for *all* sequential class action plaintiffs," which "has the virtue of clarity and ease of application," but is "characterized by a rigidity which we reject" (emphasis added)).

12

all class claims).[7] *Resh* did not turn on why or even if the requested class was not certified in the earlier-filed suit, and the Court's rationale applies equally to situations like this one, involving the decision not to pursue available putative class claims for *years*, only to abandon those claims in one forum specifically to avoid having them be denied certification.

Second, the *Resh* Court rejected the fundamental policy justification supporting this Court's holding, that denying tolling would undermine the class action policy of avoiding duplicative litigation by leading to protective filings: "[T]here is little reason to think that protective class filings will substantially increase." Slip op. at 12. In fact, the *Resh* Court reasoned that "[s]everal Courts of Appeals have already declined to read *American Pipe* to permit a successive class action filed outside the limitation period," and it cited the Second Circuit, and *Korwek*, in support. Slip op. at 13. This shows that, not only did the *Resh* Court cite *Korwek* in a way that suggests that this Court misinterpreted that authority, but it explicitly rejected the policy justification for permitting tolling of successive class claims that this Court relied on.

### B.    Plaintiff Famular's Claims Are Time-Barred

In light of *Resh*'s holding that *American Pipe* does not apply to successive class actions, the pendency of the New Jersey Action has not equitably tolled Plaintiff Famular's claims. This requires the Court to analyze whether Plaintiff Famular filed his claims within the applicable statutes of limitations. As shown below (and previously, *see* Defs.' Mem. of Law in Support of Mot. to Dismiss Pls.' First Am. Class Action Compl. 18-20, ECF No. 33), he failed to do so.

---

[7] Similar to this Court's analysis, the *Yang* Court interpreted *Korwek*, 827 F.2d 874, to stand for the more limited proposition that *American Pipe* tolling does not apply to successive class actions where the denial of class certification was premised on the suitability of class treatment, not the suitability of the class representative. *Yang*, 392 F.3d at 105-06. The *Resh* Court abrogated *Yang* and with it, this distinction. Slip op. at 11 n.5.

1.      Plaintiff Famular's express-warranty claim is time-barred.

Plaintiff's express-warranty claim is subject to a four-year statute of limitations. *See Vill. of Scarsdale v. N.Y. City Water Bd.*, 824 N.Y.S.2d 325, 327 (N.Y. App. Div. 2006). An express-warranty claim accrues when "tender of delivery is made," which is the date that Plaintiff bought his Washer. *See* N.Y. U.C.C. Law § 2-725(2); *see also Bray Terminals, Inc. v. Transp. Oil Co.*, 580 N.Y.S.2d 498, 499 (N.Y. App. Div. 1992) (holding that "[i]n an action for breach of contract, the Statute of Limitations starts to run from the time when the breach occurs"). Here, Plaintiff bought his Washer on September 25, 2010. (Am. Compl. ¶ 84.) Accordingly, for Plaintiff Famular's express-warranty claim to be timely, he was required to file it within four years of that date, or by September 25, 2014. He filed his claim on February 8, 2016, nearly a year and a half too late. This claim is time-barred.

2.      Plaintiff Famular's unjust enrichment claim is time-barred.

Plaintiff Famular's unjust enrichment claim is subject to a three-year statute of limitations.[8] *See Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 263 (S.D.N.Y. 2008); *Ingrami v. Rovner*, 847 N.Y.S.2d 132, 134 (N.Y. App. Div. 2007). "The statute of limitations on an unjust enrichment claim begins to run upon the occurrence of the wrongful act giving rise to the duty of restitution," here, the date that Plaintiff bought his Washer, September 25, 2010. *See Ingrami*, 847 N.Y.S.2d at 134. Accordingly, for Plaintiff Famular's unjust enrichment claim to be timely, he was required to file it within three years of that date, or by September 25, 2013. He filed his claim nearly two-and-a-half years too late. This claim is time-barred.

---

[8] New York law provides a six-year statute of limitations for unjust enrichment claims sounding in equity. The six-year limitations period is unavailable here because Plaintiff seeks money damages for the so-called "double-whammy" of higher upfront prices and increased energy costs through higher utility bills. (*See* Am. Compl. ¶ 143 (seeking "restitution" stemming from paying a "price premium" for Washers and suffering damages in the form of "higher Utility Bills").) *See Grynberg v. Eni S.P.A.*, No. 06 Civ. 6495(RLC), 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007) ("[R]estitution for monetary damages sufficient to fully compensate plaintiffs for their damages, losses and injuries . . . is not equitable in nature.").

    3.    <u>Plaintiff Famular's statutory claims are time-barred</u>.

Plaintiff Famular's statutory claims under N.Y. General Business Law sections 349 and 350 are subject to a three-year statute of limitations. N.Y. C.P.L.R. § 214(2); *Basso v. New York Univ.*, No. 16-CV-7295 (VM), 2017 WL 1019505, at *5 (S.D.N.Y. Feb. 24, 2017); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E. 2d 1078, 1078-79 (N.Y. 2001). The action begins to run when the plaintiff becomes injured by the prohibited deceptive act or practice, which, for the sale of goods, is the time of the transaction. *See Parejas v. Gen. Elec. Capital Servs., Inc.*, No. 10-CV-3348 (DLI), 2011 WL 2635778, at *3 (E.D.N.Y. July 5, 2011). Accordingly, for Plaintiff Famular's statutory claims to be timely, he was required to file them within three years of the date of purchase, or by September 25, 2013. As with his unjust enrichment claim, he filed his statutory claims nearly two-and-a-half years too late. These claims are also time-barred.

Because Plaintiff Famular's claims are all time-barred under New York's statutes of limitations, the Court should dismiss his claims and this action in its entirety and with prejudice.

## II.    ALTERNATIVELY, THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR CLASS CERTIFICATION IN LIGHT OF *RESH*

In the alternative, if the Court declines to reconsider its prior dismissal order, it should consider *Resh* as supplemental authority in further support of Whirlpool's opposition to Plaintiff's motion for class certification. (*See* ECF No. 104.) Because Plaintiff Famular's class claims are time-barred, the Court should not certify them.

## CONCLUSION

The Court should reconsider its January 19, 2017 order in light of *Resh* and dismiss Plaintiff Famular's claims as time-barred and with prejudice. Alternatively, the Court should consider *Resh* as supplemental authority and deny Plaintiff's motion for class certification.

Dated:  June 22, 2018                         Respectfully submitted,


                                              *s/ Galen D. Bellamy*
                                              Galen D. Bellamy
                                              Allison R. McLaughlin
                                              Eric L. Robertson
                                              Wheeler Trigg O'Donnell LLP
                                              370 Seventeenth Street, Suite 4500
                                              Denver, CO 80202-5647
                                              Telephone:  303.244.1800
                                              Facsimile:  303.244.1879
                                              Email:      bellamy@wtotrial.com
                                                          mclaughlin@wtotrial.com
                                                          robertson@wtotrial.com

                                              David R. Kott
                                              Zane Christian Riester
                                              McCarter & English, LLP
                                              Four Gateway Center
                                              100 Mulberry Street
                                              Newark, NJ  07102
                                              Telephone:  973.639.2056
                                              Facsimile:  973.624.7070
                                              Email:      dkott@mccarter.com
                                                          zriester@mccarter.com

                                              Attorneys for Defendant,
                                              Whirlpool Corporation