```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WALT FAMULAR, individually and on behalf   :
of all others similarly situated,           :
                              Plaintiff,    :     MEMORANDUM OPINION
                                            :     AND ORDER
v.                                          :
                                            :     16 CV 944 (VB)
WHIRLPOOL CORPORATION,                      :
                              Defendant.    :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Walt Famular, individually and on behalf of all others similarly situated, brings this action against Whirlpool Corporation ("Whirlpool") for allegedly misrepresenting the water and energy efficiency of three models of Whirlpool's Maytag Centennial line of washing machines.

On May 23, 2019, this Court stayed all proceedings in this case pending the Second Circuit's decision in Chavez v. Occidental Chem. Corp., Docket No. 18-1120-cv (2d Cir.). (Doc. #125). On August 7, 2019, rather than resolve the merits of the appeal, the Circuit certified the following question to the New York State Court of Appeals: "Does New York law recognize cross-jurisdictional class action tolling?" Chavez v. Occidental Chem. Corp., 933 F.3d 186, 202 (2d Cir. 2019). In an opinion issued October 20, 2020, the Court of Appeals answered the certified question in the affirmative. Chavez v. Occidental Chem. Corp., 35 N.Y.3d 492, 501 (2020).

For the reasons discussed herein the stay is VACATED.

The parties' familiarity with the relevant facts and procedural history is presumed.

## DISCUSSION

Whirlpool argues the Court of Appeals in Chavez adopted the rule of tolling set out in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) ("American Pipe"), as modified

1

by the Supreme Court's decision in China Agritech, Inc. v. Resh, 138 S. Ct. 1800 (2018) ("Resh").[1]  Thus, according to Whirlpool, the pendency of Dzielak v. Whirlpool Corp., 2:12-cv-00089-KM-JBC (D.N.J. Jan. 5, 2012) ("Dzielak"), a putative nationwide class action from which the New York class was voluntarily dismissed, did not toll the statute of limitations for plaintiff's class claims, and therefore the class claims are untimely.

The Court disagrees.  Even if the Court of Appeals adopted Resh wholesale, this case is distinguishable and Resh's holding would not bar these class claims.

In Chavez, the Court of Appeals recognized cross-jurisdictional American Pipe tolling under New York law.  See Chavez v. Occidental Chem. Corp., 35 N.Y.3d at 505–06.  The court began its analysis with the Supreme Court's holding in American Pipe and the rationale behind that decision.  Specifically, the court noted that the Supreme Court clarified American Pipe in Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350 (1983), which held the "filing of a class action tolls the statute of limitations as to all asserted members of the class, not just to intervenors."  Crown, Cork & Seal Co. v. Parker, 462 U.S. at 350; Chavez v. Occidental Chem Corp., 35 N.Y.3d at 502.  In a footnote, the court acknowledged that, "[i]n 2018, the Supreme Court qualified its decision in American Pipe, clarifying that 'American Pipe does not permit the maintenance of a follow-on class action past expiration of the statute of limitations.'"  Chavez v. Occidental Chem. Corp., 35 N.Y.3d at 503 n.7 (quoting China Agritech, Inc. v. Resh, 138 S. Ct. at 1804).

Chavez was grounded in New York law.  Article 9 of the New York Civil Practice Law and Rules ("CPLR"), the New York equivalent of Rule 23 of the Federal Rules of Civil

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Procedure, "was intended to preserve the rights of those parties who have no effective remedy on an individual basis or when actual joinder of the class is economically or administratively unfeasible." Chavez v. Occidental Chem Corp., 35 N.Y.3d at 503; see also CPLR §§ 901–909. Chavez thus held cross-jurisdictional tolling furthers the policies behind Article 9, "the primary function of which is to allow named plaintiffs to bring truly representative lawsuits without necessitating a multiplicity of litigation that squanders resources and undermines judicial economy, while still ensuring that defendants receive fair notice of the specific claims advanced against them." Id. at 503–04.

Even if the footnote citation in Chavez demonstrates New York's wholesale adoption of Resh, the class claims here can proceed because Resh is distinguishable and its rule does not apply. Resh was the third successive lawsuit brought on behalf of the same putative class of China Agritech common stockholders. See China Agritech, Inc. v. Resh, 138 S. Ct. at 1804–05. Class certification was denied on different grounds in the first two suits. See id. The Supreme Court held Resh's suit was barred by the statute of limitations because American Pipe tolling did not apply. See id. at 1804. Specifically, "[u]pon denial of class certification, [] a putative class member [may not], in lieu of promptly joining an existing suit or filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations." Id. (emphasis added).

This case is different. The New York class was voluntarily dismissed from Dzielak prior to any decision on class certification. Unlike Resh, plaintiff does not purport to represent the same class as a prior suit. Nor has any court denied certification for the New York class. (Doc. #122 at ECF 2 & n.1). Other New York courts have recognized this distinction. See, e.g., Badzio v. Americare Certified Special Servs., Inc., 177 A.D.3d 838, 842 (2d Dep't 2019) ("[Resh],

however, did not involve and did not address application of American Pipe tolling to a case like this one, where a court [had] not definitively determined the impropriety of class certification.").

Moreover, the policies underlying New York's class action statute are furthered by permitting cross-jurisdictional tolling of these class claims. See Chavez v. Occidental Chem. Corp., 35 N.Y.3d at 503–04. Requiring each potential sub-class of plaintiffs to simultaneously sue despite the pendency of a putative nationwide class would create "a multiplicity of litigation that squanders resources and undermines judicial economy." Id. Such a requirement would prevent Article 9 from "eliminat[ing] the need—during the pendency of [a] class action—for putative class members to initiate individual claims to protect their rights." Id. at 504.

Accordingly, plaintiff's class claims were tolled until voluntarily dismissed from Dzielak and are not barred by the statute of limitations.

## CONCLUSION

The stay is VACATED.

The Court will conduct a status conference by telephone on **February 26, 2021 at 3:30 p.m**. At the time of the scheduled conference, counsel for all parties shall use the following information to connect by telephone:

**Dial-In Number: (888) 363-4749 (toll free) or (215) 446-3662;**

**Access Code: 1703567**.

The parties are directed to file a joint letter proposing how to move this case forward by **February 19, 2021.**

Dated: February 3, 2021　　　　　　　　SO ORDERED:
　　　　　White Plains, NY

_____
Vincent L. Briccetti, U.S.D.J.